U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
**F I L E D**
**March 14, 2007**
**Clerk, U.S. Bankruptcy Court**

**Below is an Opinion of the Court.**

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 06-32879-elp7 |
| LAURA LANE | ) |
| | ) |
| | ) MEMORANDUM OPINION RE |
| Debtor. | ) TRUSTEE'S OBJECTION TO |
| | ) HOMESTEAD EXEMPTION |

At the time Laura Lane (debtor) filed bankruptcy, she claimed a homestead exemption in the home where she resided. After filing, debtor sold her residence, with the trustee's consent.[1] The trustee filed a precautionary objection to debtor's claim of a homestead exemption. Although the trustee did not challenge debtor's right to a homestead exemption on the date of her bankruptcy filing, he claimed that any proceeds that she received from the post-petition sale would become non-exempt property of the estate if not reinvested in another homestead

---

[1] Debtor sold her residence pursuant to an agreement with the trustee under which the trustee agreed to abandon the property subject to the right to object to debtor's homestead exemption. The sale proceeds are being held by the trustee until resolution of the objection.

Page 1 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

within one year. Debtor cannot afford another residence and will not reinvest the proceeds in a new home. For the reasons explained below, the court overrules the trustee's objection.

## ISSUE

Whether a bankruptcy debtor who owns a homestead on the date of bankruptcy and who sells the property post-petition must reinvest the homestead exemption proceeds in another homestead within one year of sale or lose the benefit of the exemption.[2]

## DISCUSSION

I. <u>Homestead Exemption in Oregon</u>

There is no dispute that debtor's right to a homestead exemption is governed by Oregon law, which provides, as relevant:

> (1) A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $30,000, except as otherwise provided by law. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor . . . . The homestead must be the actual abode of and occupied by the owner, or the owner's spouse, parent or child, but the exemption shall not be impaired by:
>
> (a) Temporary removal or temporary absence with the intention to reoccupy the same as a homestead;
>
> (b) Removal or absence from the property; or
>
> (c) The sale of the property.
>
> (2) <u>The exemption shall extend to the proceeds derived from such</u>

---

[2] Debtor also argued that the trustee's abandonment of her residence cut off his interest in the proceeds. I disagree. The trustee consented to the abandonment to facilitate closing a sale the debtor wanted to make, with the express agreement that by so consenting, the trustee was not waiving or impairing his claim to the proceeds if he prevailed on his objection to the homestead exemption. This argument will not be further discussed.

Page 2 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

<pre>
         sale to an amount not exceeding $30,000 . . . if the proceeds are
         held for a period not exceeding one year and held with the intention
         to procure another homestead therewith.

         (3) The exemption period under subsection (1)(b) and (c) of this
         section shall be one year from the removal, absence or sale,
         whichever occurs first.
</pre>

ORS 18.395 (emphasis added).

In Oregon, "[i]t is the value which is exempt, not the property in and of itself." <u>Boyd v. Oregon</u>, 249 Or. 513, 517 (1968), <u>overruled on separate grounds by</u> <u>Mendenhall v. Northwest Credit Adjusters, Inc.</u>, 263 Or. 104, 110-11 (1972). If the exemption applies and the homestead is sold pursuant to a court order, ORS 18.395(8) provides that the sheriff shall pay the homestead owner the amount of the exemption out of the sale proceeds.

The homestead exemption right is broader than a mere right to proceeds at the time of sale. An execution sale of homestead property can be accomplished only if the judgment lien exceeds $3,000 and the bid for the homestead exceeds the sum of the costs of the sale and the amount of the exemption. ORS 18.395(5), (8). Oregon law gives a debtor the ability to discharge judgment liens on homestead property if the property is being sold for an amount less than the total of encumbrances senior to the judgment lien and the homestead. ORS 18.412(1)(c).

## II. <u>Post-Petition Changes in the Character of Exempt Property Are Irrelevant to the Exemption Analysis</u>

### A. <u>Section 522(c) and Post-Petition Homestead Sale Case Law</u>

Exemptions in bankruptcy are determined as of the date the petition is filed, unless a case is converted from one chapter of the Bankruptcy Code to another. 11 U.S.C. § 522(b)(3)(A); <u>In re Chiu</u>, 266 B.R. 743, 751

Page 3 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

(9th Cir. BAP 2001). See also White v. Stump, 266 U.S. 310, 313-14 (1924) (references to exempt property and rights to exemptions relate to some point of time; that point is the petition date). Generally, only facts existing on the filing date are relevant to determining whether a debtor qualifies for her homestead exemption. In re Herman, 120 B.R. 127, 130 (9th Cir. BAP 1990).

Fixing exemption rights as of the filing date is supported by the language of section 522(c), which states that, "[u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case . . . ." It is also supported by the statement in Owen v. Owen, 500 U.S. 305, 308 (1991), that section 522(c) immunizes property that is properly exempted against liability for pre-bankruptcy debts. Thus, the critical factor in determining whether the reinvestment requirement applies is the timing of the sale of the homestead, *i.e.* whether the homestead was sold pre- or post-petition. In re Parks, 96.2 I.B.C.R. 64, 65-66 (Bankr. D. Idaho 1996) (evaluating Idaho reinvestment requirement and holding that "[i]n a Chapter 7 case, property deemed exempt is no longer property of the bankruptcy estate, and its subsequent transformation into proceeds which would be non-exempt under state law does not bring those proceeds back into the bankruptcy estate.").

There is a limited exception to the general rule that only facts existing on the date of filing are relevant to determining the exemption. Where the debtor holds homestead proceeds on the date of bankruptcy and the pertinent exemption statute contains a "sunset provision" that conditions validity of an exemption on the satisfaction of a condition

Page 4 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

subsequent, such as reinvesting sale proceeds within a specified time period, the sunset provision can apply in the bankruptcy context. In re Combs, 166 B.R. 417, 420 (Bankr. N.D. Cal. 1994) (relying on In re Golden, 789 F.2d 698, 700 (9th Cir. 1986)). This limited exception does not apply to a debtor who claims a homestead exemption in real property rather than proceeds if the state law provides, as does Oregon, that upon sale the sheriff turns over to the debtor the amount of the homestead exemption. The right to a homestead exemption in real property is not conditional.

This approach is consistent with the structure of ORS 18.395. The statute has two subparts: The first provides an exemption for the equity in the homestead up to a certain maximum, and the second provides an exemption for proceeds derived from the sale of the homestead. The subpart pertinent to this debtor on the date of bankruptcy was the first, not the second, because on the date of bankruptcy debtor had a residence, not proceeds.

This approach is also consistent with the Ninth Circuit Bankruptcy Appellate Panel (BAP) decision in Herman, which involved a claim under California's automatic homestead exemption statute. 120 B.R. at 129. See also CCP 704.720. The California statute provided that a homestead is exempt from sale to enforce a money judgment unless the proceeds of such an execution sale are sufficient to pay all prior liens and the amount of the exemption. Herman, 120 B.R. at 129. The proceeds of a sale are also exempt from execution, but the exemption does not apply to voluntary sales. Id. at 129-30.

The issue was whether a debtor could avoid a judgment lien under

Page 5 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

section 522(f) as a lien that impaired an otherwise available exemption. Id. at 129. The lien holder contended that the automatic homestead exemption did not apply because the residence was voluntarily sold. Id. at 130.

In refusing to decide whether the sale was voluntary or an execution sale, the BAP concluded that the post-petition sale was irrelevant in determining the exemption:

> The petition date is appropriate because the existence of exemptions presupposes a hypothetical attempt by the trustee to levy upon and sell all of the debtor's property upon the filing of the petition. Thus, any post-petition disposition of the property or post-petition change in the identity of the property into proceeds has no impact upon the exemption analysis.

Id. The panel then evaluated whether the debtor would have been entitled to the exemption on the date of the petition and held that the exemption was valid on that date. Id. The panel distinguished the Ninth Circuit decision in Golden on the basis that "the debtor in that case held proceeds on the date of filing rather than an interest in the residence." Id. at 130 n.5.

Similarly here, debtor owned a residence on the date of filing; she did not hold sale proceeds as in Golden. Although the California statute at issue in Herman does not have a reinvestment requirement, the court's reasoning is equally valid here where there is a post-petition change in the character of otherwise exempt property. I will follow the Ninth Circuit BAP precedent of Herman.

Courts from other jurisdictions agree with the conclusion reached in Herman that post-petition changes in the character of exempt property have no effect on the validity of the exemption. See, e.g., In re

Page 6 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

Peterson, 897 F.2d 935, 937 (8th Cir. 1990) (post-petition death of debtor, leaving no surviving spouse or dependent child, under North Dakota statute providing a homestead exemption to the head of household only if there is a surviving spouse or dependent child at the time of death); In re Cunningham, 2006 WL 3438560, at *7-9 (D. Mass. Nov. 28, 2006) (post-petition, voluntary sale of residence under Massachusetts homestead exemption statute that did not exempt proceeds); In re Reed, 184 B.R. 733, 738 (Bankr. W.D. Tex. 1995) (post-petition sale of residence under Texas statute requiring reinvestment of proceeds within six months). See also Parks, 96.2 I.B.C.R. at 65 n.2 (listing cases from various jurisdictions that hold that post-petition changes in the character of exempt property have no effect on the exemption). For example, the court in Reed stated:

> If the debtor decides, as part of his fresh start, to sell the house, buy a Winnebago, and travel around the country from campground to campground with his wife and his dog, [section 522(c)] appears to place no impediment in his path. True enough, the Winnebago may not be exempt from obligations he incurs after his discharge (depending on state law), but it should not be vulnerable to the satisfaction of any of the debtor's prepetition obligations. Were the rule otherwise, then estates could be reopened to administer such proceeds at virtually any time, robbing bankruptcy administration of any sort of meaningful finality, and robbing the bankruptcy discharge of its efficacy.

Reed, 184 B.R. at 738.

B.  Practical and Policy Considerations

As the court in Reed recognized, there are at least two problems with the trustee's approach in this case--it undermines finality and fosters inefficiency. Applying the reinvestment requirement to proceeds from homesteads sold after the petition date places a debtor's rights in limbo until the exempt property is no longer property of the estate,
Page 7 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

potentially a long period of time.[3]

If a trustee can claim the right to proceeds generated by the post-petition sale of a debtor's homestead, trustees may be motivated to claim an interest in the homestead and postpone closing a case so long as there is any possibility the debtor's circumstances might change. The concurrence in In re Konnoff, 2006 WL 3445575, at *7 (9th Cir. BAP Nov. 14, 2006) (Pappas, J. concurring), poses a thoughtful question that points out the uncertainty that will be created if the court adopts the interpretation urged by the trustee. Judge Pappas, using the example of a tools of the trade exemption, asked, "If six, 12 or 24 months after filing for bankruptcy, a debtor changes occupations, can the trustee then seize the formerly exempt tools for liquidation?" Id.

Allowing post-petition changes to determine exemption rights "cloud[s] all exemptions, leaving them subject to divestment upon the debtor's later use of the exempt property in a manner not contemplated under the exemption statutes[,]" and destroys the finality provided by the bankruptcy process. In re Seyfert, 97 B.R. 590, 592 (Bankr. S.D. Cal. 1989).

/////

/////

---

[3] The Code potentially provides a means to avoid this practical problem. Early in the case the debtor can request, and the court can order, abandonment under section 554(b) of any property that has no or inconsequential equity that can benefit the estate. To adopt an interpretation that forces this extra step effectively rewards trustees who are dilatory and forces the debtor to incur the extra expense of prosecuting a motion to abandon to be assured that he or she gets the exemption claimed.

Page 8 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

C. <u>Fixing Exemption Rights as of the Petition Date Does Not Create a New Exemption or Modify State Law</u>

The trustee argues that, by not requiring reinvestment of sale proceeds, the court is reading into ORS 18.395 a new unrestricted exemption for proceeds that is not contemplated by the legislature and is modifying state law by granting to debtor a benefit she would not have received if she had not filed bankruptcy.

In support of his position, the trustee relies on <u>In re Earnest</u>, 42 B.R. 395 (Bankr. D. Or. 1984):

> The Oregon exemption law for homestead proceeds contains two conditions. The language of these conditions was as much a part of the applicable law on the date both [debtors] filed their bankruptcy petitions as is the language actually granting the exemption. These conditions can be labeled either conditions precedent or conditions subsequent. Under either approach, the court cannot avoid, after a year's passage, a judicial inquiry to determine if the debtor either receives or keeps, as the case may be, the exemption. [The debtors] would like the court to treat the conditions as subsequent, to grant them the exemption, and then to deny itself, because of the bankruptcy filing, the power to later inquire if the conditions were met. <u>This court finds nothing in the Bankruptcy Code that requires or allows it to fragment the state law in this manner to grant a benefit to the debtors they would not have received if they had not filed bankruptcy</u>.

42 B.R. at 398-99 (emphasis added). In <u>Earnest</u>, the debtors had sold their homesteads pre-petition, and received promissory notes with due dates beyond one year after the sales. The debtors did not reinvest the proceeds in another homestead within a year of the sales. Accordingly, the language relied on by the trustee addresses a factual scenario considerably different from the situation of debtor here, who owned real estate rather than proceeds on the petition date.

Additionally, the cases cited in <u>Earnest</u> and relied on by the trustee, <u>In re Monks</u>, Case No. 382-01595 (Bankr. D. Or. December 13,

Page 9 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

1982), and In re Winchester, 46 B.R. 492 (9th Cir. BAP 1984), involve a pre-petition and pre-conversion sale respectively. The debtors in Winchester sold their homestead prior to conversion from chapter 13 to chapter 7 and were holding proceeds at the time of conversion that they failed to reinvest within one year. Winchester, 46 B.R. at 493. The court held that the conversion date was the relevant date for determining the homestead exemption, and denied the exemption in the proceeds. Id. at 495.

The trustee also relies on In re Golden, 789 F.2d 698 (9th Cir. 1986), a case interpreting the California homestead statute with a similar 6-month reinvestment requirement. See also In re White, 727 F.2d 884, 888 (9th Cir. 1984) (noting that the Oregon statute is similar to the California statute). Golden also involved the pre-petition sale of a homestead and a claim of exemption in the proceeds. Golden, 789 F.2d at 699. Although Golden discusses the Oregon exemption statute and cites to Winchester to support its conclusion that the reinvestment requirement applies, Winchester involved a pre-conversion homestead sale and so is not helpful here.

The cases on which the trustee relies are inapplicable because they deal with debtors who held proceeds on the date of filing or date of conversion from one chapter to another. See also In re Konnoff, 2006 WL 3445575, at *3 (9th Cir. BAP Nov. 14, 2006) (pre-petition homestead sale under Arizona statute requiring reinvestment of proceeds within 18 months); In re Smith, 342 B.R. 801, 803 (9th Cir. BAP 2006) (same); In re Foreacre, 2006 WL 3833927, at *2 (Bankr. D. Ariz. December 29, 2006) (same); In re Vansickle, 350 B.R. 897, 898 (Bankr. D. Idaho 2006) (pre-

Page 10 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

petition sale under Oregon homestead statute); In re Dezonia, 347 B.R. 920, 922, 924 (Bankr. M.D. Fla. 2006) (pre-petition foreclosure sale under Florida statute requiring reinvestment of homestead sale proceeds within a reasonable time). Cf. In re Knudsen, 80 B.R. 193, 194-95 (Bankr. C.D. Cal. 1987) (post-petition sale under California law), criticized by Herman, 120 B.R. at 131 ("[W]e find Knudsen internally inconsistent in the sense that it recognizes that exemptions are determined as of the date of the petition and that post-petition changes are not relevant, yet it goes on to deny the debtor's claim of exemption on the basis of the post-petition sale of the homestead."). The trustee's arguments that fixing exemption rights as of the petition date and limiting the reinvestment requirement to homestead proceeds held on the date of filing creates an unintended exemption in homestead sale proceeds and impermissibly modifies state law are not well taken.

To the contrary, it is the position asserted by the trustee that would be a change in Oregon law. As discussed earlier, under Oregon law there could not have been a forced sale of the debtor's property if it could not be sold for enough to pay the sum of the costs of the sale plus the full amount of the exemption. If the trustee had sold the property, consistent with ORS 18.395(8), he would have had a duty to turn over to debtor the amount of the homestead exemption.[4] Oregon law does not allow

---

[4] Debtor voluntarily sold her homestead after abandonment by the trustee. I find this procedural distinction irrelevant to the outcome of this case for two reasons. First, it appears the trustee's position regarding reinvestment would apply regardless of whether the residence was sold involuntarily by the trustee or voluntarily by the debtor. Trustee's Reply at 4. Second, assuming the trustee's position is limited
(continued...)

Page 11 - MEMORANDUM OPINION RE TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTION

the sheriff to hold proceeds of a homestead sale for one year, subject to the debtor's right to reinvest in a new homestead, or to turn the homestead proceeds over to the executing creditor if, at the end of the year, the debtor has not so reinvested. That is exactly what the trustee is attempting to do in this case.[5]

## CONCLUSION

Debtor held a valid homestead exemption at the time she filed her bankruptcy petition. The debtor had the right to the amount of her homestead exemption superior to the right of the bankruptcy trustee upon sale of the property. The post-petition conversion of her homestead into proceeds has no effect on the exemption. Therefore, the trustee's objection will be overruled.

###

cc: Laura Lane
Ann Chapman
Linda Johannsen
United States Trustee

---

[4](...continued)
to voluntary debtor sales, there is no statutory basis for applying the reinvestment requirement to debtors who sold their residences after abandonment by the trustee and not to debtors whose residences were sold involuntarily.

[5] When the sheriff, or the bankruptcy trustee, turns over homestead proceeds to the debtor, the proceeds are subject to the claims of creditors, the collection of whose debts have not been stayed by a bankruptcy. In the post-bankruptcy context, if a creditor with a post-petition debt or a nondischargeable debt executes on the homestead proceeds received by a debtor from a post-bankruptcy sale, any exemption in the proceeds will subject to the provisions of ORS 18.395(2).